AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Tampa Middle District |
|---|---|
| Name (under which you were convicted): William Kenna | Docket or Case No.: 19-CF-6736-XX |
| Place of Confinement: Polk Correctional Institution | Prisoner No.: S90462 |
| Petitioner (include the name under which you were convicted) William Kenna | Respondent (authorized person having custody of petitioner) State of Florida |
| The Attorney General of the State of: | |

v.

8:23 cv 187 CEH-AAS

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Polk County, Tenth Judicial Circuit
   255 North Broadway Avenue
   Bartow, Florida 33803

   (b) Criminal docket or case number (if you know): 19-CF-6736-XX

2. (a) Date of the judgment of conviction (if you know): October 18, 2019

   (b) Date of sentencing: October 18, 2019

3. Length of sentence: 66 months (DOC) 3 years of probation

4. In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Sexual Activity by > 24 with Victim 16 or 17.

6. (a) What was your plea? (Check one)
   ☒ (1) Not guilty      ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty          ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? __Jury Trial__

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: __2nd District Court of Appeals__
(b) Docket or case number (if you know): __Affirmed__
(c) Result: __Affirmed -__
(d) Date of result (if you know): __2-5-2021__
(e) Citation to the case (if you know): __None__
(f) Grounds raised: __Total violation of Miranda Violation of a involuntary statement which was suppressed in and by a Judge but used as evidence. That the trial Court allowed suppressed statements to be used in evidence as a voluntary statements Clear Violation of The Fifth Amendment__

(g) Did you seek further review by a higher state court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Name of court: __N/A__
(2) Docket or case number (if you know): __N/A__
(3) Result: __N/A__

AO 241 (Rev. 09/17)

    (4) Date of result (if you know):    N/A

    (5) Citation to the case (if you know):    N/A

    (6) Grounds raised:    N/A

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

    If yes, answer the following:

    (1) Docket or case number (if you know):    N/A

    (2) Result:    N/A

    (3) Date of result (if you know):    N/A

    (4) Citation to the case (if you know):    N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☐ Yes ☒ No

11. If your answer to Question 10 was "Yes," give the following information:

  (a)  (1) Name of court:    N/A

      (2) Docket or case number (if you know):    N/A

      (3) Date of filing (if you know):    N/A

      (4) Nature of the proceeding:    N/A

      (5) Grounds raised:    N/A

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ☐ Yes ☒ No

      (7) Result:    N/A

(8) Date of result (if you know): N/A

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☑ No

(7) Result: N/A

(8) Date of result (if you know): N/A

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☑ No

(7) Result: _N/A_

(8) Date of result (if you know): _N/A_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:  ☐ Yes  ☑ No

(2) Second petition:  ☐ Yes  ☑ No

(3) Third petition:  ☐ Yes  ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _That since Covid 19 and DOC lockdowns that a Federal Habeas would be in order more_

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** _The evidence compelling to the conviction was obtained illegally under Miranda V. Arizona 1966_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_That Petitioner was "in custody" by Polk County Detective Sean Jones for 5½ hours and was never given an Miranda warning! As custody means control over by law enforcement! That for 5½ hours that Petitioner could not even use the bathroom without Detective Jones being present, but never read a Miranda Warning_

(b) If you did not exhaust your state remedies on Ground One, explain why: _As Direct Appeal in the Second DCA case number _____ will clearly show that this issue was raised. As pending Sixth District Court of Appeals which just formed and has jurisdiction was raised. Clear Violation of The Fifth Amendment and Supreme Court rulings in Miranda V. Arizona, 1966_

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 3.850 Motion Habeas Corpus

Name and location of the court where the motion or petition was filed: Polk County Circuit Court 255 North Broadway Avenue Bartow, Fl 33803

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No
(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☑ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A
N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A
N/A
N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

That a 3850 filing in state court was just filed on January 6th, 2023 and yet to get a ruling or a case number

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: That a conviction based on a voluntary Confession which was later supressed and then used as evidence. Biazzeei

**GROUND TWO:** That as a former law enforcement Used my resignation after Violation of Miranda.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): That State Attorney's office Ms. McCarthy used that of being in law enforcement automaticly shields them (The Police) to follow The Constitution! That the total Violation of Miranda and the used of suppressed statements ruled by a Judge Same Judge in the trial to be viewed Unconstitutional. Simple terms it is either suppressed or not! The State attorney convicted on suppressed statements

(b) If you did not exhaust your state remedies on Ground Two, explain why: That fully on Direct Appeal in the new Sixth District Court of Appeals was raised.

(c) **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

   (2) If you did not raise this issue in your direct appeal, explain why: That a solid direct line to the illegally suppressed statements to the conviction which is fruit from a poison tree

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
   ☑ Yes ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: 3.850 motion Habeas Corpus
   Name and location of the court where the motion or petition was filed: Polk County Circuit Court 255 North Broadway Avenue Bartow, Florida 33803
   Docket or case number (if you know): N/A

AO 241 (Rev. 09/17)

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

N/A

N/A

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

N/A

N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Again, 3.850 Habeas Corpus is pending with the Courts in Polk County filed January 10th, 2023

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: Direct Appeal to The Sixth District Court of Appeals and 3.850 Motion for Habeas Corpus Relief.

**GROUND THREE:** Obtaining a Search Warrant on Illegally Confession that was Suppressed See ° Exhibits

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

That Polk County Sheriff's Department obtained a search Warrant based on evidence obtained by a statement that was later Suppressed. Total Violation of The Fourth Amendment. All evidence linking Petitioner to this Crime was obtained illegally by the Suppressed Volunteer statements

Page 9 of 16

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: 3.850 was filed to the court in Polk County Circuit on this one issue. Which is still with the court no ruling of yet

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 3.850 State Habeas Corpus

Name and location of the court where the motion or petition was filed: Polk County Circuit Tenth Judicial 255 North Broadway Ave, Bartow, Fl 33860

Docket or case number (if you know): N/A

Date of the court's decision: Still Pending

Result (attach a copy of the court's opinion or order, if available): Still Pending

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No
(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☑ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☑ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A
N/A

Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available): N/A

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: A state Habeas still Pending with the Court filed January 10th, 2023

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: Direct Appeal with The Sixth District Court of Appeals with Malicious Prosecution, Prosecution misconduct

**GROUND FOUR:** Double hearsay statement in violation of Crawford V. Washington, 2004 Supreme Court

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
That prosecuting attorney Ashley McCarthy used perjured testimony of a officer testimony never filed a report! Double hearsay and out of court statement made in court under oath. As Ms. McCarthy was very knowledgable and knowingly to prosecuted Petitioner in violation of fourth Amendment and fifth Amendment

(b) If you did not exhaust your state remedies on Ground Four, explain why: The Direct Appeal in The Sixth DCA covered all avenues of this issue with an pending 3-850 ruling in Polk County, Tenth Judicial

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 3.850 State Habeas

Page 11 of 16

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: Polk County, Tenth 33860 Judicial Circuit 255 North Broadway Ave Bartow, Fl

Docket or case number (if you know): N/A

Date of the court's decision: Still Pending

Result (attach a copy of the court's opinion or order, if available): Still Pending

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: 2nd District Court of Appeals P.O. Box 327 Lakeland, Fl 33830

Docket or case number (if you know): 2D 19-4352

Date of the court's decision: February 5, 2021

Result (attach a copy of the court's opinion or order, if available): Affirmed with no opinion

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: That 3.850 Habeas State was raised and Direct Appeal in the Second DCA was raised along with the Sixth DCA new filing on January 10th, 2023

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: That a state Habeas 3.850 was filed raised on this issue along with Direct Appeal on the Sixth DCA was raised to the court.

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☐ Yes   ☑ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: That The Florida Supreme Court has not heard the issues of Federal Time limit for Habeas and Sixth District Court of Appeals!

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

   That Florida Department of Corrections has purposely "lockdowns" prevented Petitioner from accessing the Courts and Visits to the law library

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.   N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.   N/A

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: N/A

(b) At arraignment and plea: Larry ~~Stumlee~~ Shear

(c) At trial: Megan Bansfield

(d) At sentencing: Cohen

(e) On appeal: Gil Gomez

(f) In any post-conviction proceeding: Pro Se

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☑ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

As The Florida Department of Corrections has been in total violation of Constitutional and Civil rights of it's inmates. A total of 6,000 officers shortage through the state. Record settlements of beating of a female inmate. The beating

AO 241 (Rev. 09/17)

death of a inmate in Dade Correctional. The whole Department of Corrections is a "Cess Pool" of drugs, drug activities, gangs, assaults and wide spread homosexual activities. That is a span of 17 months Petitioner was on a total of "81" lockdowns which means that no movement through the prison. All 63 times that Petitioner was scheduled for the law library was cancelled. Covid 19 outbreak that shut down the Courts and all transports to The DOC! That Petitioner for "14" times was on some type of quarantine and again conflicted with the law library scheduled time. Governor Ron DeSantis, said that he kept Florida Free, but not the courts or the due process of inmates in The Department of Corrections. Governor Ron DeSantis so desperate for staffing that The Florida National Guard had to be in placed as Correctional Officers! Which clearly shows how badly that The Department of Corrections truly is. That The Department of Justice to review in Federal of Respondent's motion to defend.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *To Vacate the Conviction based on the evidence to support the claim. Miranda V. Arizona, 1966*

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *1/23/2023* (month, date, year).

Executed (signed) on *1/23/2023* (date).

Dannielle M. Dotson  1-24-23
Notary Public
State of Florida
Comm# HH128431
Expires 5/10/2025

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.
*N/A*

AO 241 (Rev. 09/17)

*federal*
*Sign / Notarize*

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ 1,000 you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and  1  copies to the Clerk of the United States District Court at this address:

   Clerk, United States District Court for
   Address
   City, State  Zip Code

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

*Monthly statement*
*Appeals Number pg 12*

Page 1 of 16

```
IBSR140 (74)                    FLORIDA DEPARTMENT OF CORRECTIONS                01/05/23
                                    TRUST FUND ACCOUNT STATEMENT                 08:25:55
                                    FACILITY: 580 - POLK C.I.                    PAGE    27
                                    FOR: 12/01/2022 - 12/31/2022

ACCT NAME: KENNA, WILLIAM            ACCT#: S90462
      BED: F1112L                    TYPE: INMATE TRUST
   PO BOX:

                                                              BEGINNING BALANCE 12/01/22        $0.45

       POSTED            REFERENCE
       DATE    NBR TYPE  NUMBER       FAC  REMITTER/PAYEE          +/-   AMOUNT      BALANCE
       12/01/22 202 JPAY DEPOSIT      150397604   000  KING, NICOLA      +   $150.00   $150.45
       12/01/22 213 JPAY DEPOSIT      150424867   000  KENNA, MARTHA A.  +   $100.00   $250.45
       12/03/22 097 CANTEEN SALES     58020221202 000                    -    $85.38   $165.07
       12/04/22 097 CANTEEN SALES     58020221203 000                    -    $14.61   $150.46
       12/10/22 091 CANTEEN SALES     58020221209 000                    -    $99.45    $51.01
       12/12/22 233 JPAY MEDIA W/D    000144698524 000                   -    $16.00    $35.01
       12/17/22 097 CANTEEN SALES     58020221216 000                    -    $34.73     $0.28
       12/18/22 108 JPAY DEPOSIT      151069269   000  KING, NICOLA      +    $50.00    $50.28
       12/23/22 097 CANTEEN SALES     58020221222 000                    -    $43.64     $6.64
       12/29/22 192 JPAY DEPOSIT      151477260   000  KENNA, MARTHA A.  +   $200.00   $206.64
       12/30/22 131 JPAY DEPOSIT      151501133   000  KING, NICOLA      +   $200.00   $406.64
       12/30/22 146 JPAY MEDIA W/D    000145685922 000                   -    $40.00   $366.64
       12/31/22 120 JPAY MEDIA W/D    000145759971 000                   -    $20.00   $346.64

                                                              ENDING BALANCE 12/31/22        $346.64
```

Dannielle M. Dotson
Notary Public
State of Florida
Comm# HH128431
Expires 5/10/2025

*[Notary seal: Florida Notary Association Since 1976]*

*[Signature: Dannielle Dotson 1-24-23]*